## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, successor by merger to SouthTrust Bank, | ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 08-00452-CG-B |
| v. | ) ) ) | |
| MAHIN GHAVAMIAN, | ) ) | |
| Defendant. | ) ) | |

### ORDER

This matter is before the court on plaintiff's motion to strike the jury demand filed by defendant Mahin Ghavamian. (Doc. 12). Upon review of the pleadings, the court finds that the motion is due to be granted.

On November 6, 2008, defendant filed an answer which included a demand for trial by jury. (Doc. 9). Plaintiff's motion asserts that on or about August 20, 2008, the parties entered into a Forbearance Agreement in which the parties mutually agreed to waive their right to trial by jury. "The question of a waiver of a constitutional right, including the Seventh Amendment right to a jury trial, is a federal question controlled by federal law," and "[f]ederal courts apply federal law in determining whether a contractual jury trial waiver is enforceable."[1] Tracinda v.

---

[1] The court notes that whether federal or state law applies does not affect the outcome here, as Alabama law on the issue of waiver of the right to trial by jury generally mirrors the federal law cited here. The Supreme Court of Alabama has held that "no constitutional or statutory provision prohibits a person from waiving his or her right to trial by jury." Mall, Inc. v. Robbins, 412 So.2d 1197, 1199 (Ala.1982) (citations omitted). Under Alabama law, a

DaimlerChrysler AG, 502 F.3d 212, 222 (3d Cir. 2007); see also Merrill Lynch & Co. v. Allegheny Energy, Inc., 500 F.3d 171, 188 (2nd Cir. 2007); Medical Air Technology Corp. v. Marwan Investment, Inc., 303 F.3d 11, 18 (1st Cir. 2002) ("In a diversity jurisdiction suit, the enforcement of a jury waiver is a question of federal, not state, law.").

Another judge of this court recently explained the standards applicable to a determination of whether a contractual waiver of the right to jury is enforceable as follows:

> "[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." Aetna Insurance Co. v. Kennedy ex rel. Bogash, 301 U.S. 389, 393 (1937); accord LaMarca v. Turner, 995 F.2d 1526, 1544 (11th Cir. 1993). In the contractual waiver context, overcoming the presumption requires that the waiver be knowing and voluntary. Bakrac, 164 Fed. Appx. at 823-24 ("A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary."); accord Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 222 (3rd Cir. 2007); Merrill Lynch & Co. v. Allegheny Energy, Inc., 500 F.3d 171, 188 (2nd Cir. 2007); Leasing Service Corp. v. Crane, 804 F.2d 828, 832 (4th Cir. 1986).
>
> "In making this assessment [of whether a contractual waiver of jury is knowing and voluntary], courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." Bakrac, 164 Fed. Appx. at 823-24. If the waiver is knowing and voluntary under this test, and if the claims asserted are of the sort addressed by the waiver, a non-signatory may enforce the waiver. Medical Air Technology Corp. v. Marwan Investment, Inc., 303 F.3d 11, 19 (1st Cir.2002); Bakrac, Inc. v. Villager Franchise Systems, Inc., 2003 WL 25730511 at *4 (S.D.Fla.2003); Evans v. Union Bank of Switzerland, 2003 WL 21277125 at *4 (E.D.La.2003); Okura & Co. v. Careau Group, 783 F.Supp. 482, 488-90 (C.D.Cal.1991).

Penn Nat. Mut. Cas. Ins. Co. v. IPSCO Steel (Alabama), Inc., 2008 W L 4183345, 1 -2 (S.D. Ala. September 9, 2008).

---

contractual waiver of the right to a jury trial is enforceable where the text of the contract is not "buried deep in a long contract," "the bargaining power of the parties is equal", and "the waiver was intelligently and knowingly made." Id. (citation omitted).

2

In the instant case, the provision under which the parties agreed to waive the right to jury trial appears in large capital letters in the document and is clearly titled "Consent of Jurisdiction and Waiver of Jury Trial." (Doc. 12, Ex. A, ¶ 22).  Moreover, defendant has not asserted that her waiver was unknowing or involuntary and has not opposed plaintiff's motion in any way.[2]  Because there has been no opposition to plaintiff's motion and the waiver appears clear and conspicuous in the document, the court finds that the waiver is enforceable.

## **CONCLUSION**

For the reasons stated above, plaintiff's motion to strike the jury demand (Doc. 12) is **GRANTED**.

**DONE and ORDERED** this 30th day of December, 2008.

　　　　　　　　　　　　　　　　　　/s/   Callie V. S. Granade
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The court notes that defendant was ordered to file a response to plaintiff's motion on or before December 3, 2008, but that no response has been filed. (Doc. 14).